

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

July 24, 1951

Hon. C. E. Belk, Administrator
Texas State Board of Plumbing
  Examiners
Austin, Texas          Opinion No. V-1217

Re: Authority of the Board of
    Plumbing Examiners to adopt
    a rule that failure of plumb-
    ers to comply with city or-
    dinances requiring indemnity
    bonds will not subject such
    plumbers to State license
Dear Sir:          revocation.

Your recent letter asks our opinion on the val-
idity of certain municipal requirements that plumbers
post indemnity bonds before engaging in specified plumb-
ing work. You ask further whether a rule by the Texas
State Board of Plumbing Examiners declaring that plumb-
ers' licenses will not be revoked by it for violation
of these municipal requirements and that plumbers need
not comply with these requirements is within the Board's
authority and would have the legal effect of nullifying
the municipal requirements.

The requirements are of two types as set out
in your letter. One type requires plumbers to post a
bond <u>before engaging in the business of plumbing</u>, pay-
able to the city for damage to its streets, sewers,
water works, etc., caused by the work, and to any prop-
erty owner for whom the plumber might do plumbing work
for damage to the owners' property caused by improper
work. The second type requires a similar bond before
doing a particular plumbing job. Some cities allow,
but do not require, the filing of a blanket bond, cover-
ing all jobs executed by the plumber in lieu of separate
bonds for each job.

Article 6243-101, V.C.S., is officially desig-
nated as "The Plumbing License Law of 1947." It is a
comprehensive law providing for the regulation of plumb-
ing. It establishes a State plumbers' licensing system
to be administered generally by the Texas State Board of

Plumbing Examiners and provides for certain municipal regulation of plumbing activities.  Its provisions apply to "plumbing" and various classes of plumbers and plumbing inspectors as defined in the law.  A State license is required of all plumbers who engage in "plumbing," as defined, as a business.  It provides generally for the regulation of plumbing activities and its provisions together with other State statutes as were not repealed on its enactment are, therefore, exclusive on the subject.  Massachusetts Bonding & Insurance Company v. McKay, 10 S.W.2d 770 (Tex. Civ. App. 1928, error ref.).  Specific provisions of Article 6243-101, pertinent to your inquiry, are:

> "Sec. 5.  . . . The Board shall formally elect a chairman and a secretary-treasurer from its members and may adopt such rules as it deems necessary for the orderly conduct of its affairs.  . . . The Board is hereby authorized, empowered and directed to prescribe, amend and enforce rules and regulations consistent with this Act for the examination and licensing of master and journeymen plumbers and plumbing inspectors, . . ."

> "Sec. 8.  The Board shall issue licenses to such persons of good moral character, as have by a uniform, reasonable examination shown themselves fit, competent and qualified to engage in the business, trade or calling of a master plumber or journeyman plumber, or plumbing inspector, as the case may be."

> "Sec. 9.  The Board shall have power to revoke any license issued hereunder if the same was obtained through error or fraud, or if the recipient thereof is shown to be incompetent or shall have wilfully, negligently or arbitrarily violated municipal rules or ordinances regulating sanitation, drainage and plumbing; . . ."

> "Sec. 12.  Licenses issued by the Board shall be valid throughout the state, but shall not be assignable or

Hon. C. E. Belk, page 3 (V-1217)

transferable. The Board shall forward to
the local Board of Health, if there be one,
of each town, or to the other authority
having control of the enforcement of regu-
lations relative to plumbing in each town,
the names and addresses of all persons in
such town to whom such licenses have been
granted. . . ."

"Sec. 15. Every city in this state
of more than five thousand (5,000) inhab-
itants shall, and any city or town of this
state may, by ordinance or by-law, prescribe
rules and regulations for the materials,
construction, alteration and inspection of
all pipes, faucets, tanks, valves and other
fixtures by and through which a supply of
water, gas or sewage is used or carried; .
and provided that they shall not be placed
in any building therein except in accordance
with such rules and regulations; and shall
further provide that no plumbing shall be
done except in case of repairing of leaks,
without a permit being first issued there-
for upon such terms and conditions as such
city or town shall prescribe; provided that
no such ordinance, by-law, rule or regula-
tion prescribed by any such city or town
shall be inconsistent with this Act, or any
rule or regulation adopted or prescribed by
the State Board of Plumbing Examiners."

Since the Board is, by the whole tenor of the
law, charged with the exclusive jurisdiction over the
"licensing" of plumbers, any municipal regulations which
conflict with the Board's responsibilities and its regu-
lations pertinent thereto are invalid under the terms
of Section 15.

It is our opinion, however, that a city may
require a bond under its authority to prescribe the
terms and conditions for the granting of a "permit"
under the terms of Section 15, and that the Board has
no jurisdiction over that subject matter.

The Board's responsibilities deal primarily
with the personal fitness and skill of individual
plumbers. The "license" which it grants and its au-
thority to promulgate rules respecting the licensing

of plumbers are intended to cover the subject of skill and personal fitness of plumbers and matters incidental thereto. Cities may not invade that field. Neither may the Board invade the field reserved for municipal regulation. Section 15 of the Plumbing License Law reserves to municipalities the power to prescribe the manner in which plumbing is to be installed, the type and quality of material to be used, and generally the manner in which the work is to be done. The law is not intended to limit the power of a city to exact "terms and conditions" for the issuance of a permit which are designed to guarantee compliance with its rules and regulations in the field reserved to it.

The posting of a reasonable bond to indemnify the municipality or those engaging the plumber for damages caused by improper installation work is a requirement generally conceded to be within the authority of a city in the absence of statutory restriction. 9 McQuillin on Municipal Corporations (3rd Ed. 1950) 155. It is reasonable to conclude that Section 15 of the Plumbing License Law authorizes cities to require bonds for the observance of its regulations in the field over which it has supervision. These regulations have no direct relation to the personal fitness and skill of the individual plumber. It thus appears that a proper bond requirement is beyond the authority of the Board to prohibit and that such a requirement by a city is valid. However, we are of the opinion that the conditions of the bond required by a city must be confined to the field over which it has supervision. If a city undertakes to exact conditions in the bond which pertain to the plumber's skill and fitness, to that extent the requirements would be inconsistent with the Plumbing License Law.

Since cities may require a bond as a condition to the granting of a permit, we see no reason why they may not allow the filing of a blanket bond covering all jobs done under permits. This is merely permissive and cannot, therefore, be considered as an extension of its powers.

However, since the authority to require a bond can be based only on the provisions of Section 15, the requirement may be made only as a condition to the granting of a specific "permit." Municipalities are not granted authority to regulate plumbing generally but only in the manner set out in Section 15 as to specific work done in the city. A city may not, therefore, require a bond as a condition to doing a plumbing business.

## SUMMARY

"The Plumbing License Law of 1947" (Article 6243-101, V.C.S.) authorizes a municipal requirement that plumbers post a reasonable indemnity bond as a condition to the granting of a permit to do particular plumbing jobs within the corporate limits of a city or town. The municipality may allow the filing of a blanket bond covering all permits granted. However, it may not require a bond as a condition to doing a general plumbing business. The Texas State Board of Plumbing Examiners has no jurisdiction to adopt rules and regulations dealing with the requirements of municipalities for indemnity bonds of plumbers required by cities under Section 15 of the Act.

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

NMc:jmc

Yours very truly,

PRICE DANIEL
Attorney General

By Ned McDaniel
      Assistant